UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

----------------------------------------------X

RACHEL ECKERT,

Plaintiff,

v. Case No. __________

CAROLETTE MEADOWS;

ERIE COUNTY;
MONROE COUNTY;

ERIE COUNTY CLERK'S OFFICE;
MONROE COUNTY CLERK'S OFFICE;

CITY OF BUFFALO;
BUFFALO POLICE DEPARTMENT;

JOHN DOE ERIE COUNTY CLERK 1;
JOHN/JANE DOE MONROE COUNTY CLERKS 1–2;

JOHN/JANE DOE JUDICIAL ADMINISTRATORS;

NEW YORK STATE UNIFIED COURT SYSTEM; and
INDIVIDUAL JUDICIAL DEFENDANTS,
SOLELY IN THEIR OFFICIAL CAPACITIES
FOR DECLARATORY AND PROSPECTIVE
INJUNCTIVE RELIEF FOR NON-JUDICIAL,
ADMINISTRATIVE, AND ULTRA VIRES ACTS,

Defendants.

----------------------------------------X

**DECLARATION IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**

I, **Rachel Eckert**, hereby declare as follows:

1. I am the Plaintiff in this action. I submit this Declaration in support of my Motion for a Temporary Restraining Order and Preliminary Injunction. I have personal knowledge of the facts stated herein, except where stated upon information and belief.

2. This action arises from an ongoing pattern of retaliation, obstruction, and non-neutral administration of court and governmental processes that has deprived me of access to adjudication, prevented me from enforcing housing and property rights, and caused ongoing irreparable harm to my health, safety, and family.

**Housing Safety and Emergency Conditions**

3. My home has documented **structural and safety issues** requiring urgent repair. A licensed pest and construction professional advised in 2024 that repairs were necessary to prevent further deterioration and safety risks. In January 2025, I obtained a contractor estimate exceeding $30,000 to address these conditions.
4. Defendant Carolette Meadows has **physically and procedurally interfered** with my ability to perform required repairs, including harassing and confronting contractors and obstructing access necessary to comply with safety and housing requirements.
5. I sought **emergency judicial relief**, including TROs and injunctions, to compel access and prevent interference so that I could lawfully repair my home. Despite compliance with procedural requirements, my applications were **denied, delayed, ignored, or left undecided**, often without written orders identifying any legal basis.
6. As a result, I have been placed in an impossible position: **unable to complete repairs due to obstruction**, yet simultaneously **subjected to housing enforcement proceedings by the City of Buffalo** for conditions I am actively attempting—but being prevented—from correcting.

**Retaliation and Escalation Following Court Activity**

7. Defendant Meadows has repeatedly retaliated against me for engaging in protected activity, including filing lawsuits, appeals, HUD complaints, and emergency motions.
8. On **January 15, 2026**, the same day I prevailed in court on a default judgment, Defendant Meadows filed a CPS report against me. That report was made **without firsthand knowledge** and is in the process of being closed as **unfounded**.
9. In **July 2025**, Defendant Meadows filed another CPS report relying on **confidential and inaccurate medical information** concerning my minor child. Defendant Meadows had **no lawful access** and **no firsthand knowledge** of the information alleged. That report was investigated and determined to be **unfounded**.
10. Defendant Meadows has filed **more than ten CPS reports** against me over approximately five years, all unfounded. These reports have caused severe distress to my family and were timed to court activity and protected petitioning.

11. I filed **multiple HUD complaints** documenting housing interference, retaliation, and CPS weaponization. After HUD advised that Defendant Meadows would receive notice, retaliatory conduct escalated.

**Procedural Obstruction and Denial of Access to Courts**

12. Throughout multiple proceedings, my filings and motions have been obstructed through:

- refusal or failure to rule;
- denial of poor-person status based on inapplicable standards;
- failure to docket filings or assign judges;
- vacatur of defaults without motion, findings, or legal authority;
- refusal to issue written orders citing governing law, thereby foreclosing appeal;
- mischaracterization of discovery requests to block evidence development; and
- selective enforcement of procedural rules against me while adverse filings were accepted and expedited.

13. These practices have denied me **meaningful access to adjudication**, prevented enforcement of housing and safety rights, and rendered available remedies illusory.

**Medical and Psychological Harm (Irreparable Injury)**

14. As a result of the prolonged retaliation, housing insecurity, and procedural obstruction described above, I have been diagnosed with **major depressive disorder (MDD)** and **anxiety**. Treating providers determined that my MDD was caused by the ongoing stress associated with Defendant Meadows' conduct and was later exacerbated by a motor-vehicle accident.

15. I am currently under medical care and have been referred to an **electrophysiologist** due to serious post-accident complications. Continued stress materially worsens my condition and increases the risk of irreversible medical harm.

16. These harms **cannot be remedied by monetary damages**. Each retaliatory filing, enforcement action, and procedural obstruction compounds the injury and places my health and family at risk.

**Need for Immediate Injunctive Relief**

17. Without immediate injunctive relief, I face:

- continued retaliation through CPS and court processes;
- continued housing enforcement while compliance is obstructed;
- ongoing denial of access to adjudication and appeal;
- further deterioration of my home; and
- worsening medical and psychological harm.

18. A Temporary Restraining Order is necessary to **preserve the status quo**, prevent further retaliation, and ensure that I may lawfully pursue adjudication and compliance without intimidation or obstruction.

19. I seek **prospective, neutral relief only**, including an order prohibiting retaliation, requiring lawful processing of filings, and requiring written rulings identifying governing legal authority.

**Declaration**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Executed on:** January 30, 2026
**Date:** January 30, 2026
**Signature:** ______________________
Rachel Eckert