UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
FEB 02 2026
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

----------------------------------------------------X

RACHEL ECKERT,

Plaintiff,

v.

Case No. 26-CV-182

CAROLETTE MEADOWS, et al,
Defendants.

----------------------------------------------------X

## EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (AMENDED)

Plaintiff respectfully moves for a Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65 to prevent ongoing and imminent irreparable harm arising from Defendants' continued obstruction of Plaintiff's access to courts, housing-related enforcement, disability accommodations, and neutral administrative processes.

### A. Likelihood of Success on the Merits

Plaintiff has demonstrated a substantial likelihood of success on the merits of her claims, including:

1. **Denial of Access to Courts and Procedural Due Process (42 U.S.C. § 1983)**
   Defendants have repeatedly foreclosed Plaintiff's access to adjudication at the threshold through refusal to docket filings, failure to rule on emergency applications, vacatur of defaults without motion or authority, miscaptioning of cases, denial of poor-person status under inapplicable standards, and refusal to issue written, appealable orders—resulting in actual and ongoing injury, not mere delay.

2. **First Amendment Retaliation (42 U.S.C. § 1983)**
   Plaintiff engaged in extensive protected activity, including litigation, appeals, HUD complaints, ethics complaints, and public speech. Adverse actions—including housing enforcement, contempt proceedings, CPS referrals, and procedural obstruction—closely followed this protected activity and escalated in temporal proximity, supporting a reasonable inference of retaliation.

3. **Fair Housing Act Interference and Retaliation (42 U.S.C. § 3617)**
   Defendant Meadows and Government Defendants interfered with Plaintiff's FHA-protected rights through harassment, intimidation, retaliation, obstruction of repairs, unfounded CPS reports, and non-neutral obstruction of housing adjudication and enforcement mechanisms.

4. **ADA Title II and Rehabilitation Act § 504**
   Defendants had actual notice of Plaintiff's disabilities and repeated requests for reasonable accommodations. Defendants failed to engage in an interactive process or modify procedures, leaving Plaintiff's complaints and filings stalled while ongoing harm continued. Under binding Second Circuit precedent, failure to accommodate after notice constitutes discrimination, and damages are available under § 504 upon a showing of deliberate indifference.

**B. Irreparable Harm**

Plaintiff is suffering **ongoing and escalating irreparable harm**, including:

- Continued **structural deterioration and safety risks** to Plaintiff's home due to inability to obtain timely judicial enforcement and relief;
- **Medical and psychological harm**, including exacerbation of diagnosed anxiety and major depressive disorder and increased health risks documented by treating providers;
- Continued exposure to **retaliatory enforcement, CPS referrals, and contempt proceedings** without neutral access to adjudication;
- **Permanent loss of meaningful judicial review**, including foreclosure of emergency relief and appellate rights, which cannot be remedied by damages alone.

Absent immediate injunctive relief, Plaintiff faces continued harm that is concrete, imminent, and irreparable.

Plaintiff now faces a substantial risk of continued irreparable harm where filings asserting federal rights, including ADA accommodation requests, are not preserved in court records, cannot be located, and are treated as nonexistent. Without immediate injunctive relief requiring preservation, documentation, and neutral processing of filings, Plaintiff's access to courts and disability accommodations will continue to be denied in a manner that cannot be remedied by damages alone.

**C. Balance of Equities**

The balance of equities overwhelmingly favors Plaintiff. Plaintiff seeks only neutral, lawful administration of existing procedures and protection from retaliation—not preferential treatment. Defendants will suffer no cognizable harm from being required to comply with governing law, constitutional requirements, and federal disability statutes.

**D. Public Interest**

The public interest strongly favors enforcement of constitutional rights, fair housing protections, disability access, and neutral administration of courts and agencies. Preventing retaliatory misuse of governmental processes and ensuring access to adjudication serves the integrity of the judicial system and public confidence in the rule of law.

**Requested TRO / PI Relief**

Plaintiff respectfully requests that the Court enter a Temporary Restraining Order and Preliminary Injunction:

1. **Prohibiting Defendants from retaliating** against Plaintiff for engaging in protected activity, including through misuse of court processes, contempt proceedings, CPS referrals, or agency complaints;
2. **Requiring neutral and lawful processing** of Plaintiff's filings, including prompt docketing, assignment, and consideration of emergency motions and Orders to Show Cause;
3. **Requiring issuance of written orders** that identify the governing statute, rule, or legal authority relied upon, sufficient to permit compliance and appellate review;
4. **Prohibiting selective or non-neutral application** of filing-fee requirements, defaults, discovery standards, and emergency-relief procedures;
5. **Requiring reasonable ADA accommodations** in court and agency proceedings pending final resolution of this action;
6. **Preserving the status quo** to prevent further irreparable harm to Plaintiff's housing, health, family integrity, and access to courts.

Dated: January 02, 2026

Rachel Eckert

Rachel Eckert, pro-se
277 Barnard St.
Buffalo, NY 14206