UNITED STATES DISTRICT COURT
FILED
FEB 03 2026
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

--------------------------------------------------X

RACHEL ECKERT,
Plaintiff,

v.

Case No. 1:26-cv-182

CAROLETTE MEADOWS, et al.,
Defendants.

--------------------------------------------------X

**AMENDED DECLARATION IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**

I, Rachel Eckert, declare as follows:

1. I am the Plaintiff in this action. I submit this Amended Declaration in support of my Motion for a Temporary Restraining Order and Preliminary Injunction. This declaration amends and replaces my prior declaration to reflect additional facts bearing directly on irreparable harm, denial of due process and equal protection, and the inadequacy of legal remedies.

2. The facts stated herein are based on my personal knowledge and review of records, and if called as a witness, I could and would testify competently to them.

**Housing Conditions and Need for Emergency Relief**

3. I own and reside at my home, which has sustained significant and ongoing structural damage affecting the safety and integrity of the structure.

4. Licensed professionals have advised that repairs are necessary to prevent further deterioration and safety risks. In 2026, I obtained estimates exceeding $30,000 to address these conditions.

5. Defendant Carolette Meadows has interfered with my ability to complete required repairs, including harassing contractors, brandishing firearms, and obstructing access necessary to lawfully repair and maintain my property.

6. I have repeatedly sought emergency judicial relief, including temporary restraining orders and injunctions, to compel access and prevent interference so that repairs could be completed. Those requests were denied, delayed, or left unresolved without adjudication on the merits and often without written orders identifying any legal basis.

7. As a result, I have been placed in an untenable position: unable to complete repairs due to obstruction, while simultaneously subjected to housing enforcement proceedings for conditions I am actively attempting—but being prevented—from correcting.

**Procedural Obstruction and Denial of Access to Courts**

8. Across multiple proceedings, I have experienced repeated procedural barriers, including but not limited to refusal to accept filings, failure to rule on emergency motions, vacatur of defaults without motion or explanation, miscaptioning of cases, denial of poor-person status under inapplicable standards, and the absence of written, appealable orders.

9. In 2024, when I commenced a private nuisance action and sought to file an Order to Show Cause to address urgent structural issues, I waited in court for several hours while being told that a judge was reviewing my poor-person application. No ruling was issued, and I was ultimately unable to file the Order to Show Cause that day. To date, I still have no relief.

10. By contrast, Defendant Meadows subsequently filed an Order to Show Cause without paying a filing fee or obtaining a poor-person waiver, and that Order to Show Cause was signed the following day.

11. These non-neutral procedures deprived me of a meaningful opportunity to be heard and foreclosed timely judicial review of emergency conditions affecting my home and safety.

**Denial of Due Process and Equal Protection Resulting in Loss of Judgment and Enforcement Rights**

12. While litigation was pending and Defendants were on notice of my claims, Defendant Meadows and other defendants engaged in actions that resulted in the dissipation and transfer of assets.

13. I sought pre-judgment attachment and related provisional remedies authorized by law to preserve assets and protect my ability to enforce any judgment rendered in my favor.

14. My applications for pre-attachment and asset-preservation relief were denied without neutral findings or written explanation, including after partial asset dissipation had already occurred.

15. As a result, I lost the practical ability to secure and enforce judgments to which I was otherwise entitled. The loss of enforcement rights was not the result of an adjudication on the merits, but of non-neutral procedural obstruction that rendered legal remedies illusory.

16. The denial of meaningful consideration of attachment relief deprived me of a protected property interest—the right to obtain, preserve, and enforce judgments—without due process of law.

17. At the same time, Defendant Meadows was afforded expedited access to emergency relief and court processes under materially more favorable procedural standards. This selective

and disparate administration of provisional remedies and enforcement mechanisms denied me equal protection of the laws.

**ADA Accommodations and Record Integrity**

18. I have documented disabilities, including anxiety, major depressive disorder, and post-concussive cognitive impairments, which substantially limit major life activities such as concentration, memory, and communication.
19. I have repeatedly requested reasonable accommodations in court and agency proceedings. In Buffalo City Court, my ADA accommodation request was discussed on the record in open court.
20. On or about **February 02, 206,** I contacted the Buffalo City Court Clerk's Office to inquire why accommodations had not been provided and was advised that no motion requesting ADA accommodations appeared in the court file.
21. I was not provided notice that my request had been rejected, withdrawn, or denied. I reasonably relied on the request being preserved and acted upon.
22. This is not the first instance in which filings have disappeared from public records. In a separate Supreme Court action, documents that previously appeared on the docket were later removed without notice, explanation, or identification of who removed them. Multiple body camera footages from Buffalo Police Department were destroyed after non-spoliation notices and FOIL requests were made to preserve the footage.
23. Additionally, a staff member in Judge Wilson's chambers asked whether I had "approval from the ADA" to be considered disabled. No such approval or certification exists under the ADA.
24. These actions delayed and denied meaningful access to court services and demonstrate a failure to implement lawful ADA procedures.

**Medical Impact and Irreparable Harm**

25. I have experienced significant and worsening stress and anxiety as a result of prolonged litigation, procedural obstruction, housing insecurity, and loss of effective legal remedies.
26. Following a motor-vehicle accident, I developed neurological symptoms including dizziness, memory impairment, and cognitive difficulties, and I underwent a tilt-table test due to ongoing symptoms.
27. Based on those findings, I have been referred to an electrophysiologist for further evaluation.

28. Treating providers have mentioned that prolonged stress and mood materially exacerbates my symptoms and increases the risk of further harm.

---

**Need for Immediate Injunctive Relief**

29. Without immediate injunctive relief, I face continued irreparable harm, including further deterioration of my home, ongoing retaliation and procedural obstruction, continued denial of disability accommodations, further dissipation of assets, medical ealth complications, and permanent loss of meaningful access to adjudication and judgment enforcement.

30. Monetary damages alone cannot remedy these harms, as the denial of neutral procedures and destruction of enforcement rights permanently frustrate the Court's ability to provide effective relief.

31. I seek temporary and preliminary injunctive relief solely to preserve the status quo, prevent further retaliation and asset dissipation, and ensure neutral and lawful administration of court and agency procedures pending adjudication on the merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: February 02, 2026
Location: Buffalo, NY

Rachel D Eckert

**Rachel Eckert**

2?? Barnard St.