

UNITED STATES DISTRCT COURT
WESTERN NEW YORK DIVIVISION

Hon. Lawrence J. Vilardo
2 Niagara Square
Buffalo, New York 14202

Re: Eckert v. Meadows, et al.,
    Case No. 1:26-cv-00182

EMERGENCY

Dear Judge Lawrence J. Vilardo:

I respectfully submit this letter to advise the Court that the harms underlying this matter remain active, ongoing, and unresolved, and to renew my request for emergency equitable intervention and expedited consideration.

For approximately six years, I have been deprived of the practical use, enjoyment, repair, and security of my home. What began as neighbor interference has evolved into a prolonged deprivation of property rights, personal security, and meaningful access to judicial intervention. Despite repeated efforts through state court proceedings, police intervention requests, and federal litigation, no effective relief has been provided.

In 2024, I commenced a private nuisance action in New York State Supreme Court against Defendant Carolette Meadows, seeking emergency relief due to continuing interference with my home and repair efforts. Since filing that action, I still have not received substantive protective relief. Defendant did not timely respond, and I moved for default judgment. The default was granted orally, but later reversed in a written decision. I was then scheduled to appear today to reargue issues surrounding the default and relief sought, yet the matter was adjourned at Defendant's request until next month.

Meanwhile, the underlying misconduct continues unabated. Today, Defendant has sent communications through the court process indicating an intention to cut siding off my house. *See* attached emails from Defendant Meadows. This is especially alarming because Defendant is who tore the siding down in the first place. The threat is not speculative as it is tied to prior destructive conduct and reflects the continuing pattern that has caused this litigation.

I have repeatedly sought help from local authorities, but law enforcement has not meaningfully intervened. I have sought equitable relief in multiple forums since 2020, including in this Court through a 1983 claim and my recently filed Fair Housing claims, yet the interference, intimidation, and deprivation continue while requests for protection remain pending.

In related proceedings, it has been suggested that any harms suffered could be adequately remedied through a future monetary judgment. Respectfully, that conclusion does not account for the practical realities presented here. Defendant has represented to this court, Erie County Supreme Court, and Monroe County Supreme Court her sole income is Supplemental Security Income (SSI), which is generally protected from execution and collection. As a practical matter,

any future money judgment may be largely uncollectible, rendering post hoc monetary relief ineffective and illusory. More importantly, money cannot restore years of lost use, ongoing intimidation, delayed repairs affecting health, emotional distress, or the continued inability to safely enjoy one's home.

The practical result is that I have endured years of being unable to fully secure, repair, and enjoy my home while litigation proceeds without timely protective remedies. Rights delayed in this context have become rights effectively denied. Each adjournment, delay, or failure to address ongoing conduct compounds the harm.

This matter is not merely about past damages. It concerns present and continuing injury: threats to property, obstruction of repairs, intimidation, emotional distress, and the inability to safely exercise ordinary incidents of homeownership. Monetary damages alone cannot fully remedy ongoing interference with one's residence and sense of security.

Accordingly, I respectfully request that this Court consider whether expedited treatment, equitable relief, or other interim measures are warranted to prevent further irreparable harm while these matters are litigated. I further request that the Court consider the cumulative prejudice caused by years of unresolved interference despite repeated pleas for judicial assistance.

I submit this letter in good faith to inform the Court that the controversy remains active and urgent.

Dated: April 17, 2026
County: Erie


Respectfully submitted,

Rachel Eckert
277 Barnard St.
Buffalo, NY 14206

 Outlook

**Re: Fw: siding E2025001693**

**From** Carolette Meadows <carolettedm@gmail.com>
**Date** Fri 4/17/2026 6:37 AM
**To**    Ray E <reck0625@outlook.com>
**Cc**    Jodi A. Smith-Schuler <jaschuler@nycourts.gov>

Please excuse the plaintiff because, as you know, she has mental health problems.

1. This person has destroyed the house she lives in and has been in family court the past 3yrs for failing to maintain the property

2. She has continuously made property damage claims with no proof.

3. If she hadn't swindled her insurance company and paid real siding professionals to fix her siding, it would be down again.

4.. Speaking of insurance swindling... If she's accusing me of riping down the siding, is she admitting to insurance fraud for filing it as storm damage???

5. You're dang skippy I'm going to cut it. Anything on my property is mine. This mess has been hanging for two months and I keep walking into it so if she doesn't do something with it, I will cut it.

Her failure to maintain property is not an emergency nor is it part of this case so her hystrionics in attempting to get an easement for my property should not be aired here.

If she needs an easement, she should get a lawyer to figure out how to properly obtain it.

On Fri, Apr 17, 2026, 8:30 AM Ray E <reck0625@outlook.com> wrote:
> Ms.Schuler,
>
> I asked for emergency relief two years ago regarding my house Carolette continues to rip my siding down and now she's threatening to cut down what she ripped down in the first place this is completely ridiculous.
>
> Get Outlook for iOS
>
> **From:** Carolette Meadows <carolettedm@gmail.com>
> **Sent:** Thursday, April 16, 2026 11:50:36 PM
> **To:** R E <reck0625@outlook.com>
> **Subject:** siding
>
> This email is to inform you that your siding has been obstructing my drive for two months and you have failed to remediate it. You have one week to do something with this before I cut the portion

that is hanging in my driveway space.