UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RACHEL ECKERT,

              Plaintiff,

    v.                                                        26-CV-182-LJV
                                                                  ORDER
CAROLETTE MEADOWS et al.,

              Defendants.

_____


For more than five years, the pro se plaintiff, Rachel Eckert, and her neighbor, defendant Carolette Meadows, have been entangled in a bitter dispute that began with a disagreement over a pipe. *See Eckert v. City of Buffalo*, 2025 WL 2836547, at *3-8 (W.D.N.Y. Oct. 6, 2025) (describing history of feud between Eckert and Meadows). Following that initial disagreement, Eckert and Meadows have filed a sprawling "series of state and federal lawsuits . . . against the other as well as [against] various government actors who [in] one way or another became embroiled in the dispute." *Id.* at *1.

Several months ago, Eckert commenced yet another action—this one against Meadows and more than a dozen other defendants, Docket Item 1—and since then she already has filed an amended complaint, Docket Item 5. In addition to those two pleadings, she has filed an "emergency" motion for a preliminary injunction and temporary restraining order ("TRO"), Docket Item 3; a motion for reasonable accommodations, Docket Item 4; and an amended "emergency" motion for a preliminary injunction and TRO, Docket Item 6.

Eckert also moved to proceed in forma pauperis—that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it.  Docket Item 2.  In addressing that motion, this Court found that "Eckert ha[d] not provided sufficient information for the Court to determine whether she me[t] the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2)."  Docket Item 8 at 2.  So Eckert then submitted an amended application to proceed in forma pauperis. Docket Item 9.

Because Eckert now has provided information sufficient to show that she meets the statutory requirements of 28 U.S.C. § 1915(a), *see* Docket Item 9, this Court grants her motion to proceed in forma pauperis.  But for the reasons that follow, the Court denies both her motion for accommodations, Docket Item 4, and her amended motion for a TRO and preliminary injunction, Docket Item 6.[1]  The Court will issue a separate order screening the complaint under 28 U.S.C. § 1915(e)(2) in due course.

## **MOTION FOR ACCOMMODATIONS**

Eckert has moved for "reasonable accommodations to ensure meaningful access to the Court, [under] the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act."  Docket Item 4 at 1.  More specifically she requests:

---

[1] Eckert's initial motion for a TRO and preliminary injunction, Docket Item 3, is denied as moot.

**1. CART / Real-Time Transcription Services**

Provision of CART (Communication Access Realtime Translation) or equivalent real-time transcription services for all hearings, conferences, and oral proceedings, whether held in person or remotely.

**2. Judicial Notice in Lieu of Redundant Exhibits**

Acceptance of judicial notice of publicly available court records, dockets, orders, and administrative filings referenced by citation (e.g., NYSCEF docket numbers, case captions, dates), without requiring repetitive attachment of voluminous public records.

**3. Case Manager/ Clerk Point-of-Contact**

Assignment of a case manager, ADA coordinator, or designated Clerk's Office point-of-contact to assist with procedural logistics, scheduling, filing requirements, and docket navigation.

**4. Reasonable Flexibility With Filings**

Reasonable accommodations in filing requirements, including:
- modest extensions when necessary,
- permission to file concise supplements rather than re-filing full document sets,
- flexibility with page limits where appropriate.

**5. Clear Written Orders**

Issuance of clear written orders resolving motions and requests, including grants or denials, to preserve appellate rights and reduce cognitive burden caused by ambiguity.

**6. Remote Appearance When Available**

Permission to appear remotely (e.g., via Zoom or telephone) for conferences or hearings when feasible, to mitigate medical and cognitive strain.

**7. Plain-Language Scheduling Notices**

Where practicable, provision of scheduling and procedural notices in clear, written form, with sufficient advance notice to allow compliance given [her] medical limitations.

Docket Item 4 at 2-3.

3

As an initial matter, "[f]ederal courts are not 'public entities' subject to the public services provisions of Title II of the ADA." *Clay v. Wall*, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) (quoting *Gulla v. Dennehy*, 2007 WL 923527, at *1 (D. Mass. Mar. 27, 2007)). "Rather, the ADA public entity definition encompasses only state and local governments." *Id.* (citation omitted). Similarly, "[f]ederal courts are not subject to the Rehabilitation Act since federal courts are not encompassed in the definition of 'program or activity' to which the statute applies." *Id.* (citation omitted).

That being said, the Court already provides many of the "accommodations" that Eckert seeks. For example, the Court often takes "judicial notice of publicly available court records, dockets, orders, and administrative filings referenced by citation . . . without requiring repetitive attachment of voluminous public records." *See* Docket 4 at 2. The Court always seeks to provide "clear written orders" and "scheduling and procedural notices in clear, written form, with sufficient advance notice." *See id.* at 2-3. And while the Court is not inclined to enter a blanket order granting "modest extensions when necessary" and "flexibility with page limits where appropriate," *see id.* at 2, it always will entertain specific requests of that nature, especially if related to a litigant's disability.

Eckert's requests for transcription and to appear remotely for hearings, *id.* at 2-3, are premature, as no hearings have been scheduled in this case. If hearings are scheduled down the road, she can renew her requests specifically related to the scheduled hearing.

The Court declines to grant Eckert's request for the "[a]ssignment of a case manager, ADA coordinator, or designated Clerk's Office point-of-contact to assist with

procedural logistics, scheduling, filing requirements, and docket navigation." *See id.* at 2. Eckert has not shown any reason why any of that is necessary. On the contrary, far from being unable to access the courts, Eckert is a prolific filer. *See, e.g.*, *Eckert v. City of Buffalo et al.*, 22-cv-540 (W.D.N.Y.).

For all those reasons, this Court denies Eckert's motion for accommodations.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24. "The standard for issuance of a [TRO] is identical to that for issuance of a preliminary injunction." *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 771 (W.D.N.Y. 2020).

In her motion for a TRO and preliminary injunction, Docket Item 6, Eckert asks this Court to enter an order:

> 1. Prohibiting [the d]efendants from retaliating against [her] for engaging in protected activity, including through misuse of court processes, contempt proceedings, CPS referrals, or agency complaints;
>
> 2. Requiring neutral and lawful processing of [her] filings, including prompt docketing, assignment, and consideration of emergency motions and Orders to Show Cause;
>
> 3. Requiring issuance of written orders that identify the governing statute, rule, or legal authority relied upon, sufficient to permit compliance and appellate review;

4. Prohibiting selective or non-neutral application of filing-fee requirements, defaults, discovery standards, and emergency-relief procedures;

5. Requiring reasonable ADA accommodations in court and agency proceedings pending final resolution of this action;

6. Preserving the status quo to prevent further irreparable harm to [her] housing, health, family integrity, and access to courts.

Docket Item 6 at 3. The Court denies that motion for several reasons.

First, this Court cannot grant the requested relief under Federal Rule of Civil Procedure 65(d). That rule requires that "[e]very order granting an injunction and every restraining order must . . . state its terms specifically[] and . . . describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Second Circuit has "interpreted Rule 65(d) as requiring that 'an injunction . . . be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 143 (2d Cir. 2011) (alteration in original) (quoting *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001)). And the Supreme Court has explained that "the specificity provisions of Rule 65(d) are no mere technical requirements[ but are] designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *See Schmidt v. Lessard,* 414 U.S. 473, 476 (1974) (per curiam).

Eckert's requests for relief flout these clear principles. She essentially asks this Court to enjoin the defendants from acting unlawfully or violating her rights, without providing any parameters on what is or is not illegal. But the Court cannot—consistent with Rule 65(d)—grant such relief. *See Wakefield v. Scott*, 2019 WL 13271839, at *5-6 (D. Vt. Sep. 24, 2019) (denying motion for permanent injunction where plaintiff sought

6

an order preventing defendants "from violating the law" and "stop[ping] the abuse forever," explaining that "court [was not] authorized to provide [p]laintiff the insufficiently clear and specific relief she request[ed]" under "Rule 65(d) and Second Circuit precedent").

Moreover, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court endorsed "a strong federal policy against federal[ ]court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Because Eckert asks for injunctive relief in connection with filings, orders, fees, and the like in several state court proceedings without saying what those proceedings were or are about and whether they still are pending, this Court does not address whether the injunction she requests is technically barred under *Younger.* But "a [c]ourt may abstain" from granting injunctive relief "under the principles of comity and federalism," even if all the requirements of *Younger* are not met, "when . . . 'the equitable relief sought would inappropriately require the federal court to supervise institutions central to the state's sovereignty.'" *Kunz v. N.Y. State Comm'n on Jud. Conduct*, 356 F. Supp. 2d 188, 194 (N.D.N.Y. 2005) (quoting *Miller v. Silbermann*, 951 F. Supp. 485, 491-92 (S.D.N.Y. 1997)). Indeed, "[a] federal court should not intervene to establish the basis for future intervention that is . . . intrusive and unworkable." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). That is precisely the kind of relief that Eckert seeks here: a sprawling injunction that would require this Court to engage in "an ongoing federal audit" of all of Eckert's interactions with state and local officials and entities. *See O'Shea*, 414 U.S. at 500.

Third, and finally, Eckert has failed to show that she will suffer irreparable harm in the absence of injunctive relief—"the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). "[T]o satisfy the irreparable harm requirement, [the plaintiff] must demonstrate that absent a preliminary injunction [she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (alteration omitted) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)).

While Eckert asserts that she will suffer "irreparable harm" in the absence of an injunction, her allegations are—like much of the rest of her motion—sweeping and unspecific.  She says that she faces "ongoing and escalating irreparable harm," including "[c]ontinued structural deterioration and safety risks to [her] home due to [her] inability to obtain timely judicial enforcement and relief"; "[m]edical and psychological harm, including exacerbation of diagnosed anxiety and major depressive disorder and increased health risks documented by treating providers"; "[c]ontinued exposure to retaliatory enforcement, CPS referrals, and contempt proceedings without neutral access to adjudication"; and "[p]ermanent loss of meaningful judicial review, including foreclosure of emergency relief and appellate rights."  Docket Item 6 at 2.  But she does not say how imminent any of those possible injuries are.  Eckert therefore has failed to show that she will suffer irreparable harm in the absence of injunctive relief.

Finally, this Court notes that Eckert filed a very similar motion in a previous case, and this Court issued a decision in August 2025 denying that motion for all these same

8

reasons. *See Eckert v. City of Buffalo*, 2025 WL 2434350, at *6-8 (W.D.N.Y. Aug. 25, 2025). The Court cautions Eckert that continued frivolous filings will only slow down this Court's consideration of her case and may result in sanctions against her.

For all those reasons, Eckert's motion for a TRO and preliminary injunction is denied.

## **CONCLUSION**

For the reasons explained above, this Court GRANTS Eckert's motion to proceed in forma pauperis, Docket Item 9; DENIES her motion for accommodations, Docket Item 4; and DENIES her motion for a TRO and preliminary injunction, Docket Item 6. The Court will issue a separate order screening the complaint under 28 U.S.C. § 1915(e)(2) in due course.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated:   July 29, 2026
         Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE